MASCHOFF BRENNAN GILMORE & ISRAELSEN
L. Rex Sears (UT Bar No. 8548)
*rsears@mabr.com*
Mark W. Ford (UT Bar No. 10569)
*mford@mabr.com*
111 South Main Street, Suite 600
Salt Lake City, UT 84111
Telephone:    (801) 297-1850
Facsimile:    (801) 252-1361

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARKETDIAL, INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>APPLIED PREDICTIVE TECHNOLOGIES, INC., a Delaware corporation,<br><br>       Defendant. | **COMPLAINT**<br><br>Case No. 2:23-cv-00477<br><br>Judge _____<br><br>**JURY TRIAL DEMANDED** |

Plaintiff MarketDial, Inc. complains against defendant Applied Predictive Technologies, Inc. ("APT") as follows:

## NATURE OF THE ACTION

1.      This is an action for a declaratory judgment and ancillary relief under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

2.      APT has made clear through another lawsuit and correspondence that it intends to assert U.S. Patent No. RE49,562 (the "'562 Patent") against MarketDial.

3.      The '562 Patent was procured by fraud and is therefore unenforceable, it is invalid, and APT's assertion of it is also barred by numerous other defenses. MarketDial hereby seeks declaratory judgment to that effect, so that it may remove the cloud of uncertainty arising from APT's infringement allegation.

## THE PARTIES

4.      MarketDial is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 90 South 400 West, Suite 700, Salt Lake City, Utah, 84101.

5.      MarketDial is a leader in automated business initiative testing. MarketDial's research and development teams have produced a valuable software product that helps retail businesses increase efficiency and profitability by automating A/B testing for retail business. The MarketDial software allows retail businesses to economically and reliably test their business ideas on a small scale, allowing them to reliably predict the full-scale impact of the proposed business initiative.

6.      On information and belief, APT is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 4250 N. Fairfax Drive, 11th Floor, Arlington, Virginia, 22203.

7.      On information and belief, MasterCard International Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2000 Purchase Street, Purchase, New York, 10577, and with additional offices at 434 Ascension Way, Salt Lake City, Utah, 84123.

8.      On information and belief, Mastercard International is the operating subsidiary of MasterCard, Inc.

2

9.      On information and belief, MasterCard International acquired APT in 2015, and APT is now a wholly owned subsidiary of MasterCard International.

10.     On information and belief, MasterCard International controls and at all times relevant hereto has controlled APT's litigation and patent-prosecution activities.

11.     APT and MasterCard International market, sell, and deliver products and services in Utah, to Utah businesses and other Utah residents—including a business analytics software product known as "Mastercard's Test & Learn,"[1] with which the MarketDial software competes.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

13.     This Court has personal jurisdiction over APT because it directly or indirectly designs, manufactures, distributes, markets, offers to sell and/or sells products and services in Utah (including products and services that relate to and, on information and belief, may practice the '562 patent), and otherwise purposefully directs activities to Utah.

14.     APT also commenced and is actively litigating a separate action against MarketDial in this Court, Case No. 2:19-CV-00496-JNP-CMR, in which it asserted U.S. Patent No. 8,571,916 (the "'916 Patent"), of which the '562 Patent is a reissue. On July 20, 2023, APT, through counsel, sent to MarketDial, in Utah, a cease and desist letter relating to the '562 Patent.

15.     By reason of the foregoing, APT has sufficient minimum contacts with Utah to support the exercise of personal jurisdiction over them, in connection with the instant action.

---

[1] https://www.mastercardservices.com/en/solutions/data-networks/test-learn (last accessed July 22, 2023).

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391, subds. (b)(1), (b)(2), and (c)(2).

### THE ORIGINAL ACTION AND CBM PROCEEDINGS

17.     On June 28, 2018, APT commenced the Original Action against MarketDial in the U.S. District Court for the District of Delaware. Among other things, APT asserted a claim for infringement of the '916 Patent," of which the '562 Patent is a reissue. The Original Action was transferred to this Court, where it remains pending before Hon. Jill Parrish.

18.     On September 19, 2019, MarketDial moved to dismiss APT's patent claim, based on its defense that the entire patent is invalid under 35 U.S.C. § 101, for lack of patent-eligible subject matter.

19.     On September 15, 2020, MarketDial petitioned the PTO for covered business method ("CBM") review of the '916 Patent, seeking a determination of unpatentability on the same ground.

20.     On November 25, 2020, Judge Parrish entered a "Memorandum Decision and Order Granting in Part … Defendants' Motion to Dismiss," which in relevant part held "that the '916 patent" "is directed to an abstract concept and no 'inventive concept' transforms it into an eligible application," and therefore all 35 claims of the '916 Patent are invalid under 35 U.S.C. § 101.

21.     On December 29, 2020, APT filed its preliminary response to MarketDial's CBM petition, arguing that the PTO should deny the petition because, *inter alia*, Judge Parrish's November 25 ruling constituted "a final adjudication on the patent eligibility issues."

22.     On March 3, 2021, "based [*inter alia*] on the district court's decision holding all claims of the '916 patent to be invalid under 35 U.S.C. § 101," the PTO denied MarketDial's petition for CBM review.

23.     MarketDial and APT continue to litigate trade-secret claims still pending in the Original Action.

**REISSUE PROCEEDINGS**

24.     On April 27, 2021, a few months after Judge Parrish invalidated the '916 Patent, APT filed an application with the U.S. Patent and Trademark Office ("PTO") to reissue that patent. On June 27, 2023, the '562 Patent issued on that application.

25.     Reissue may be sought "[w]henever any patent is, through error, deemed wholly or partly inoperative or invalid, by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than he had a right to claim in the patent." 35 U.S.C. § 251(a).

26.     Reissue is *not* available for a patent that, as a whole, does not disclose a patentable invention. *See, e.g., Penn Elec. & Mfg. Co. v. Conroy*, 185 F. 511, 514 (3d Cir. 1911); *B.F. Goodrich Co. v. Am. Lakes Paper Co.*, 23 F. Supp. 682, 685 (D. Del. 1938).

27.     Judge Parrish's November 25 ruling places the '916 Patent in the category of patents for which reissue is not available.

28.     In general, "[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability." 37 C.F.R. 1.56(a). Above and beyond that general disclosure obligation, an applicant for reissue "must *call to the attention of the Office* any prior or concurrent proceedings in which the patent (for which reissue is requested) is or was involved, such as … litigations and the results of such proceedings." 37 C.F.R. 1.178(b) (italics added).

29.     APT's application for reissue included all 35 of the claims that Judge Parrish had held invalid, plus 43 new claims that, as the application frankly acknowledge, "depend upon" and

"correspond to" the original 35 claims. But APT never called to the PTO's attention Judge Parrish's decision invalidating those 35 claims.

30.     Instead, together with its application for reissue, APT filed an information disclosure statement ("April 27 IDS"). The April 27 IDS listed 104 documents, including a few CBM filings, and it informed the PTO: "A Petition, Preliminary Response, and Decision filed for Covered Business Method Review of U.S. Patent No. 8,571,916, CBM2020-00025 and exhibits are listed as A94-A96 in the attached SB08 and submitted herewith." But it did not list or make any reference to Judge Parrish's decision.

31.     On December 13, 2021, APT filed a second information disclosure statement ("December 13 IDS") listing 16 more documents, this time including Judge Parrish's decision. But APT did nothing to "call to the attention of the Office" that decision.

32.     On information and belief, the failure to call Judge Parrish's decision to the attention of the PTO was done with deceptive intent on the part of at least the prosecuting attorney, and the MasterCard International and APT personnel overseeing and directing the preparation, filing, and prosecution of the application for reissue.

33.     APT's original reissue application included all 35 claims from the '916 Patent.

34.     The examiner of the application for reissue issued several rejections under 35 U.S.C. § 101. Judge Parrish's decision, especially in combination with the other information relied on by the examiner in issuing those rejections, establishes a prima facie case of unpatentability of the claims carried over into the original reissue application from the '916 Patent, as well as the claims added and amended during the course of prosecution, and the decision also refutes the applicant's assertion in that application that the carried-over claims are directed to patentable subject matter.

6

35.     Although APT's original reissue application included all 35 claims from the '916 Patent, over the course of prosecuting that application, APT canceled all those claims, so that by the time reissue was granted and the '562 Patent issued, *none* of the claims of the '916 Patent remained.

## ASSERTION OF THE '562 PATENT

36.     The C&D Letter alleges that MarketDial is, and demands that MarketDial cease, infringing claim 36 of the '562 Patent.

## CLAIMS FOR RELIEF

## FIRST CLAIM: DECLARATORY JUDGMENT OF INVALIDITY

37.     MarketDial incorporates by reference and realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

38.     The '562 Patent is no more patent eligible than the '916 Patent of which it is a reissue.

39.     Moreover, because Judge Parrish's ruling went to the '916 Patent as a whole, and was not limited to particular claims therein, the '916 Patent was not eligible for reissue.

40.     By reason of the foregoing, a substantial, immediate, and real controversy exists between MarketDial and APT regarding the validity of at least claim 36 of the '562 Patent.

41.     By reason of the foregoing, MarketDial is entitled to a declaration that the '562 Patent, including at least claim 36 thereof, is invalid under 35 U.S.C. §§ 101, 102, 103, 112, and/or 251.

## SECOND CLAIM: DECLARATORY JUDGMENT OF UNENFORCEABILITY

42.     MarketDial incorporates by reference and realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

43.     The '562 Patent is unenforceable due to inequitable conduct in its prosecution, including failure to call Judge Parrish's decision invalidating the '916 Patent to the PTO's attention.

44.     By reason of the foregoing, a substantial, immediate, and real controversy exists between MarketDial and APT regarding the enforceability of the '562 Patent.

45.     By reason of the foregoing, MarketDial is entitled to a declaration that the '562 Patent is unenforceable due to inequitable conduct.

## THIRD CLAIM: DECLARATORY JUDGMENT OF INTERVENING RIGHTS

46.     MarketDial incorporates by reference and realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

47.     On information and belief, APT's allegation that MarketDial infringes the '562 Patent rests on MarketDial's continued use of the software and system it had made prior to issuance of the '562 Patent.

48.     Under the circumstances, allowing APT to obtain any relief against MarketDial based on the instrumentalities targeted by APT's claim that MarketDial infringed the '916 Patent would be inequitable.

49.     By reason of the foregoing, a substantial, immediate, and real controversy exists between MarketDial and APT regarding MarketDial's intervening rights, under 35 U.S.C. § 252, second paragraph, in connection with the '562 Patent.

50.     By reason of the foregoing, MarketDial is entitled to a declaration that its intervening rights, under 35 U.S.C. § 252, second paragraph, bar APT from enforcing the '562 Patent against MarketDial.

## FOURTH CLAIM: DECLARATORY JUDGMENT REGARDING OTHER EQUITABLE DEFENSES

51.     MarketDial incorporates by reference and realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

52.     APT's conduct gives rise to laches and equitably estops it from enforcing the '562 Patent against MarketDial.

53.     APT's conduct amounts to unclean hands, barring its invocation of judicial processes to enforce the '562 Patent.

54.     By reason of the foregoing, MarketDial is entitled to a declaration that equity bars it from enforcing the '562 Patent against MarketDial.

## PRAYER FOR RELIEF

MarketDial respectfully requests:

1.     A declaration that the '562 Patent is invalid;

2.     A declaration that the '562 Patent is uenforceable;

3.     A declaration that intervening rights bar enforcement of the '562 Patent against MarketDial;

4.     A declaration that laches, equitable estoppel, unclean hands, and/or other equitable doctrines bar APT from enforcing the '562 Patent against MarketDial;

5.     A declaration of exceptionality under 35 U.S.C. § 285;

6.     Attorney fees under 35 U.S.C. § 285; and

7.     Such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, MarketDial demands a jury

trial on all issues and claims so triable.

DATED this 24th day of July, 2023.

MASCHOFF BRENNAN GILMORE & ISRAELSEN

/s/ L. Rex Sears
L. Rex Sears
*Attorneys for Plaintiff*

10